DAVID NELSON *vs.* CHARLES THOMPSON & others.

A writing, signed by the plaintiff in an action of assumpsit, declaring that it was commenced without his authority or consent, and that he thereby discharges the same, is no defence to the action, when specified in defence under the general issue.

THIS was an action of assumpsit upon a promissory note. The defendants pleaded the general issue, and specified in defence a discharge of the suit by the plaintiff. At the trial in the court of common pleas, before *Wells*, C. J., the only evidence introduced by the defendants was a writing, signed by the plaintiff, in the following words: " I hereby certify, that the suit now pending in the court of common pleas, in my name, against Charles Thompson & others, was commenced without my authority or consent, and I hereby discharge the same." No notice was given of any objection to the right of the attorney for the plaintiff to appear, other than the filing of the above specification of defence. The presiding judge ruled, that the written paper did not, of itself, constitute a defence to the action. The jury, thereupon, returned a verdict for the plaintiff, and the defendants excepted.

*G. T. Davis* and *C. Allen*, for the defendants, cited Howe's Practice, 32; Colby's Practice, 22; *Cleverly* v. *Whitney*, 7 Pick. 37; *Wilson* v. *Mower*, 5 Mass. 411; *Eastman* v. *Wright*, 6 Pick. 322.

*D. W. Alvord* and *G. D. Wells*, for the plaintiff, cited Rule IV. of C. C. P., Colby's Practice, 431; *Boynton* v. *Willard*, 10 Pick. 169; *Jackson* v. *Stewart*, 6 Johns. 34; *Proprietors* v. *Bishop*, 2 Verm. 234; *Denton* v. *Noyes*, 6 Johns. 296; Steph. Pl. (1st ed.) 70 *& seq.*; 1 Chit. Pl. (6th Am. ed.) 481 *& seq.*; Rob-

*bins* v. *Hayward*, 16 Mass. 524; *Langdon* v. *Potter*, 11 Mass. 313; *Proprietors of Monumoi Great Beach* v. *Rogers*, 1 Mass. 159, 163.

METCALF, J. We cannot see any legal ground for these exceptions. The defendants pleaded the general issue, and went to trial upon it; and the jury could only find that they promised, or did not promise, as the plaintiff had alleged in his declaration. The paper which the plaintiff had signed, declaring that the suit was commenced without his authority or consent, and that he discharged the same, had no tendency to prove that the defendants were not justly indebted to him on the note. A discharge of the suit was not a discharge of the defendants from their obligation to pay the note on which the suit was brought. It was not a release. Nor was it evidence of payment, or of any other fact which could have been pleaded in bar before the *St.* of 1836, *c.* 273, took effect, and which would have warranted the jury to find that the defendants did not promise, as the plaintiff had alleged. And since that statute took effect, nothing can be given in evidence, under the general issue, which could not before have been so given, or have been pleaded in bar. Pleas in abatement, and motions to dismiss, and the time and order in which they are to be made, are not affected by that statute. The defendants, therefore, gained nothing by filing their specification; for it contained no matter of law or of fact, " in defence of the action," within the true meaning of *St.* 1836, *c.* 273. It contained matter which was ground only for abatement or dismissal, or for staying proceedings. And such matter, unless it arises *puis darrein continuance*, cannot avail a defendant after he has pleaded in chief.          *Exceptions overruled.*